19-2702-cv
Grega v. Saul

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
           *Circuit Judges.*

-----------------------------------------------------------------

JOHN GREGA, JR.,

       *Plaintiff-Appellant,*

    v.                             No. 19-2702-cv

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

       *Defendant-Appellee.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     AMY C. CHAMBERS, Law Offices of Kenneth Hiller, PLLC, Amherst, New York.

FOR DEFENDANT-APPELLEE:     PETER W. JEWETT, Special Assistant United States Attorney (Ellen E. Sovern, Regional Chief Counsel – Region II, *on the brief*), Office of the General Counsel, Social Security Administration, New York, NY, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Marian W. Payson, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff John Grega, Jr. appeals from a June 27, 2019 judgment of the United States District Court for the Western District of New York (Payson, <u>M.J.</u>)[1] dismissing Grega's challenge to the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and

---

[1] The parties consented to disposition of the case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

2

supplemental security income. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." Sczepanski v. Saul, 946 F.3d 152, 157 (2d Cir. 2020) (quotation marks omitted). We review the administrative record de novo "to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Id. (quotation marks omitted); see also 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than "a mere scintilla." Sczepanski, 946 F.3d at 157 (quotation marks omitted).

Grega's primary argument is that the Administrative Law Judge (ALJ) failed to consider or improperly weighed relevant medical evidence, resulting in a Residual Functional Capacity (RFC) finding that was not supported by substantial evidence. In particular, Grega argues that the ALJ failed to evaluate

and give controlling weight to medical opinions from various providers who had established treating relationships with him, in violation of the treating physician rule. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). We need not decide whether the medical evidence on which Grega relies constitutes "medical opinions" from "acceptable medical sources" such that the ALJ was required either to give them "controlling weight" or to provide "good reasons" for not giving them controlling weight. See id. §§ 404.1502(a), 404.1527(a)(1), (c)(2), 416.902(a), 416.927(a)(1), (c)(2); see also Estrella v. Berryhill, 925 F.3d 90, 95–96 (2d Cir. 2019). Although failure to comply with this rule will "ordinarily require[] remand to the ALJ for consideration of the improperly excluded evidence," we have declined to remand where the excluded evidence is not "significantly more favorable to the claimant" or is "essentially duplicative of evidence considered by the ALJ." Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010). "Remand is unnecessary . . . [w]here application of the correct legal standard could lead to only one conclusion." Id. (quotation marks omitted).

Here, none of the evidence that Grega argues was improperly excluded was significantly more favorable to Grega than the evidence that the ALJ

considered. To the contrary, the purportedly excluded evidence was consistent with the ALJ's major findings: first, that Grega suffered from severe impairments including post-traumatic stress disorder, anxiety disorder, obsessive-compulsive disorder, tremors, lumbar degenerative disc disease, and shoulder right dysfunction, as well as a non-severe substance abuse impairment; and second, that the combined effects of these impairments limited Grega to a RFC involving "light work" and "simple routine tasks" requiring only "occasional overhead reaching with [his] right dominant arm," "occasional bilateral fingering," "no interaction with the general public," and "only occasional interaction with co-workers." App'x 10–11. This evidence also contained statements by Grega's treating psychologists describing Grega's history of receiving invalid results on psychological assessments based on self-reported symptoms and attributing these invalid results to "grossly inflated scores," Certified Administrative Record 556, and a "tendency to overreport psychiatric symptoms," id. at 1158. These statements are consistent with the ALJ's determination that Grega's own description of his symptoms and their limiting effects was entitled to only partial weight.

We also reject Grega's argument that the ALJ improperly weighed other medical evidence in the record. Grega argues that the ALJ improperly relied on the opinion of a non-treating, consulting psychologist, Adam Brownfield. A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record. See Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983). Here, Dr. Brownfield's opinion was supported by and consistent with Grega's treatment records, test results, and reported daily activities. Nor are we persuaded by Grega's contention that the ALJ improperly gave partial and limited weight to the opinions of Brenda Hammett, a nurse practitioner who treated him, and Susan Petrillo, a licensed clinical social worker who also treated him. Neither provider qualifies as an "acceptable medical source" to whom the treating physician rule would apply, see 20 C.F.R. §§ 404.1502(a), (d)–(e), 416.902(a), (i)–(j), and the ALJ articulated reasons for the weight accorded to their opinions, see id. §§ 404.1527(f)(2), 416.927(f)(2). Grega further claims that the ALJ erred in describing a Global Assessment of Functioning (GAF) score of 50 recorded by Hammett as consistent with moderate rather than severe symptoms. But even a GAF score reflecting severe symptoms would have been entitled to

6

only limited weight in this case since the score was not well supported by the record and was given without any explanation of the reasons for it or the period to which it applied.   See Estrella, 925 F.3d at 97.

In sum, under our "very deferential standard of review," see Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012), we conclude that the Commissioner's denial of benefits was supported by substantial evidence.

We have considered Grega's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
